FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| DEAN C. PLASKETT, | ) | |
| MARC A. BIGGS, and | ) | Criminal No. 2007-60 |
| LEROY L. MARCHENA, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ATTORNEYS:

**Armando Bonilla, Esq.**
Washington, D.C.
    *For the government,*

**Gordon C Rhea, Esq.**
Mount Pleasant, SC
    *For defendant Dean C. Plaskett,*

**Treston E. Moore, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Marc. A. Biggs,*

**Adriane J. Dudley, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Leroy L. Marchena.*

<u>**MEMORANDUM OPINION**</u>

GÓMEZ, C.J.

    Before the Court are the motions of Dean C. Plaskett

("Plaskett") and Marc A. Biggs ("Biggs") (collectively, the

"Defendants") for judgments of acquittal pursuant to Federal Rule

of Criminal Procedure 29 ("Rule 29").  Additionally, Plaskett

*United States v. Plaskett, et. al.*
Criminal No. 2007-60
Memorandum Opinion
Page 2

moves for a new trial pursuant to Federal Rule of Criminal
Procedure 33 ("Rule 33").  For the reasons stated below, the
Court will deny the motions for judgments of acquittal and for a
new trial.

## I.  **FACTS**

Plaskett was the Commissioner of the Virgin Islands
Department of Planning and Natural Resources.  Biggs was the
Commissioner of the Virgin Islands Department of Property and
Procurement.

On November 8, 2007, a grand jury returned a twelve-count
indictment against Plaskett and Biggs, alleging that they
participated in a scheme involving the issuance of government
contracts in exchange for financial kickbacks.  Count One charges
Plaskett and Biggs with conspiracy to commit theft or bribery
concerning programs receiving federal funds and honest services
mail fraud.  Counts Two through Four charge Plaskett with theft
or bribery concerning programs receiving federal funds.  Counts
Five through Seven charge Biggs with theft or bribery concerning
programs receiving federal funds.  Count Eight charges Plaskett
with conspiracy to obstruct justice.  Counts Nine and Ten charge
Plaskett with obstruction of justice.  Count Eleven charges
Plaskett with making a false statement.  Count Twelve charges
Plaskett and Biggs with making fraudulent claims upon the
government, under Virgin Islands law.

The trial in this matter commenced on February 11, 2008.

*United States v. Plaskett, et. al.*
Criminal No. 2007-60
Memorandum Opinion
Page 3

The parties rested and the matter went to the jury during the third week of trial.  During the second day of deliberations, the jury returned a verdict of guilty against Plaskett on Counts Three, Nine, and Ten.  Plaskett was acquitted of the other offenses charged against him.  Additionally, the jury found Biggs guilty as to Count Six.  Biggs was acquitted of the remainder of the charges asserted against him.

The Defendants timely filed post-verdict motions for judgments of acquittal and for a new trial.

## II.   DISCUSSION

### A.   Rule 29

A judgment of acquittal is appropriate under Rule 29 if, after reviewing the record in a light most favorable to the prosecution, the Court determines that no rational jury could find proof of guilt beyond a reasonable doubt and the verdict is supported by substantial evidence. *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006).  The government may sustain this burden entirely through circumstantial evidence. *Id.; see also United States v. Wexler*, 838 F.2d 88, 90 (3d Cir. 1988).  "It is not [the Court's] role to weigh the evidence or to determine the credibility of the witnesses." *United States v. Cothran*, 286 F.3d 173, 175 (3d Cir. 2002).

*United States v. Plaskett, et. al.*
Criminal No. 2007-60
Memorandum Opinion
Page 4

**B.    Rule 33**

When deciding a Rule 33 motion for a new trial, the Court is provided somewhat more discretion than what is afforded under Rule 29.  Under Rule 33, the Court may grant a new trial "in the interest of justice." *United States v. Charles*, 949 F. Supp. 365, 368, 35 V.I. 306 (D.V.I.1996).  In assessing such "interest," the court may weigh the evidence and credibility of witnesses. *United States v. Bevans*, 728 F. Supp. 340, 343 (E.D. Pa. 1990), *aff'd,* 914 F.2d 244 (3d Cir. 1990).  If the Court determines that there has been a miscarriage of justice, the court may order a new trial. *Id.*  The burden is on the defendant to show that a new trial ought to be granted. *United States v. Clovis*, Crim. No. 94-11, 1996 U.S. Dist. LEXIS 20808, at *5 (D.V.I. Feb. 12, 1996).

### III.    ANALYSIS

**A.    Sufficiency of the Evidence**

**1.    Count Six: Theft or Bribery Concerning Programs Receiving Federal Funds**

Biggs contends that acquittal is appropriate as to his conviction on count Six because the government presented insufficient evidence at trial to prove that he committed theft or bribery concerning programs receiving federal funds under 18 U.S.C. § 666(a)(1)(B) ("Section 666(a)(1)(B)").

To support a conviction for theft or bribery concerning programs receiving federal funds the government must prove that: (1) at the time of the conduct in question the defendant was an

*United States v. Plaskett, et. al.*
Criminal No. 2007-60
Memorandum Opinion
Page 5

agent of a government or an agency thereof; (2) that the
government or agency received federal benefits in excess of
$10,000 during a one-year period; (3) the defendant accepted or
agreed to accept or solicited or demanded something of value from
another person; (4) the defendant acted corruptly with the intent
to be influenced or rewarded in connection with a transaction of
the government or agency; and (5) that the value of such
transaction exceeded $5,000. *See* 18 U.S.C. § 666(a)(1)(B); *see
also United States v. Cicco*, 938 F.2d 441, 444 (3d Cir. 1991)
(listing the elements of the offense).

"As used in criminal-law statutes, [the term] *corruptly*
usu[ally] indicates a wrongful desire for pecuniary gain or other
advantage." Black's Law Dictionary (8th ed. 2004).  As the United
States Court of Appeals for the Second Circuit has explained,
"[t]he plain language of [Section 666(a)(1)(B)] makes clear that
a recipient's knowledge of a donor's intent to influence is
insufficient to support conviction.  The recipient must take the
proffered thing of value 'intending to be influenced.'" *United
States v. Ford,* 435 F.3d 204*,* 214 n.5 (2d Cir. 2006); *see also
United States v. Rooney*, 37 F.3d 847 (2d Cir. 1994) (holding that
the term "corruptly," as used in Section 666(a)(1)(B), entails
violation of some duty owed to government or to public in
general).

Here, Count Six specifically charged that "in or about mid-
January, 2003," Biggs "corruptly solicited, accepted, and agreed

*United States v. Plaskett, et. al.*
Criminal No. 2007-60
Memorandum Opinion
Page 6

to accept cash payments from Hollis L. Griffin [Director of DPNR

from 1999, until 2004], intending to be influenced and rewarded

in connection with his official acts in connection with the

Coastal Zone Management Contracts." (Indictment 27, ¶ 30, Nov. 8,

2007.)  At trial, the government presented evidence that: Biggs

was an agent of the Virgin Islands government during mid-January,

2003; the Virgin Islands government received federal benefits in

excess of $10,000 within a one-year period; and that Biggs

accepted or agreed to accept cash from Hollis L. Griffin

("Griffin") during mid-January, 2003.

Additionally, Griffin testified at trial that he frequently

met with Biggs to discuss how they could make profits through the

issuance of local government contracts.  Griffin stated that

> [a]t one point . . . Dean Plaskett brought Marc Biggs
> into my office at the Water Gut Homes, and they came to me
> and they told me that, you know, Environmental Protection
> has got a lot --
>                             . . .
>
> That Environmental Protection has got a lot of money, and
> that we should try to find companies that we could give
> contracts to, and that these people would give us some money
> from these contracts, kick us back some money.

(Trial Tr. 160, Feb. 12, 2008.)  During a subsequent meeting,

Plaskett, Biggs, and Griffin identified a contract to perform

various work for the Division of Coastal Zone Management ("CZM")

as a potential money maker.  Finally, the government presented

evidence that the value of the CZM Contract was over $5,000.

*United States v. Plaskett, et. al.*
Criminal No. 2007-60
Memorandum Opinion
Page 7

Making every reasonable inference in favor of the government, a rational jury could find beyond a reasonable doubt that Biggs corruptly accepted cash payments with the intent to be influenced in connection with a government transaction worth over $5,000. *See, e.g., United States v. Flemming*, 223 Fed. Appx. 117, 122-23 (3d Cir. 2007) (holding that the evidence was sufficient to support the defendant's conviction for program fraud because a rational jury could find beyond a reasonable doubt that the defendant corruptly gave a housing authority employee money to influence the employee to expedite payments to the defendant's private company under a government contract) (unpublished).

**2.    Counts Nine and Ten: Obstruction of Justice**

Plaskett argues that he is entitled to a judgment of acquittal on Counts Nine and Ten because the government presented insufficient evidence at trial to sustain a conviction against him for obstruction of justice under 18 U.S.C. § 1512(c)(2) ("Section 1512(c)(2)").  He contends that the government failed to establish a sufficient nexus between the obstructive conduct charged in those counts and an official proceeding.

Section 1512(c)(2) provides:

Whoever corruptly–

                        . . .

. . . obstructs, influences, or impedes any official
proceeding, or attempts to do so, shall be fined under this
title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(c) (2002).

*United States v. Plaskett, et. al.*
Criminal No. 2007-60
Memorandum Opinion
Page 8

To sustain a conviction for obstruction of justice under Section 1512(c)(2), the government must prove: (1) that the defendant knowingly; (2) corruptly obstructed, influenced and impeded, or attempted to do so; (3) an official proceeding. *See id.; see also United States v. Reich,* 479 F.3d 179, 185-87 (2d Cir. 2007); *United States v. Peel,* 2006 WL 2864106 at *2 (S.D. Ill. Oct. 2, 2006); *United States v. Guardiola Ramirez,* 2006 WL 573917 at *2 (D. Puerto Rico March 8, 2006).

For purposes of Section 1512, the term "official proceeding" includes: "a proceeding before . . . a Federal grand jury," and "a proceeding before a Federal Government agency which is authorized by law . . . ." 18 U.S.C. § 1515(a)(1)(A),(C).  While the "official proceeding need not be pending or about to be instituted at the time of the offense," 18 U.S.C. § 1512(f)(1), such proceeding must have been foreseen by the defendant. *See Arthur Andersen LLP v. United States,* 544 U.S. 696, 707, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005) ("It is . . . one thing to say that a proceeding 'need not be pending or about to be instituted at the time of the offense,' and quite another to say a proceeding need not even be foreseen.").

To prove the requisite intent to obstruct, courts have required the government to show that there was a sufficient nexus between the obstructive conduct and the official proceeding. *See Arthur Andersen LLP*, 544 U.S. at 708 (holding that 18 U.S.C. § 1512(b) contains a nexus requirement); *United States v. Aguilar,*

United States v. Plaskett, et. al.
Criminal No. 2007-60
Memorandum Opinion
Page 9

515 U.S. 593, 600, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995)

(holding that the government must satisfy the nexus requirement

to sustain a conviction for a violation of 18 U.S.C. § 1503,[1]

whose relevant language is similar to Section 1512(c)(2)); see

also United States v. Reich, 479 F.3d 179, 186 (2007) (construing

Section 1512(c)(2) as containing a nexus requirement).  To

satisfy the nexus requirement, a defendant's conduct must have

"the natural and probable effect of interfering with a judicial

or grand jury proceeding that constitutes the administration of

justice; that is, the act must have a relationship in time,

causation, or logic with the judicial proceedings." United States

v. Vampire Nation, 451 F.3d 189, 204-06 (3d Cir. 2006) (quoting

United States v. Quattrone, 441 F.3d 153, 171 (2d Cir. 2006)).

"[I]f the defendant lacks knowledge that his actions are likely

to affect the judicial proceeding . . . he lacks the requisite

intent to obstruct." Arthur Andersen LLP, 544 U.S. at 708.

Plaskett was convicted on Counts Nine and Ten for aiding and

abetting Leroy Marchena in obstructing an official proceeding in

late December, 2004, and mid-January, 2005.  The government

presented evidence at trial that in December, 2004, Plaskett and

Marchena met with alleged coconspirator Brent E. Blyden

---

[1]  Title 18 U.S.C. § 1503 subjects to criminal liability one
who corruptly "endeavors to influence, intimidate, or impede" an
officer or juror or "influences, obstructs, or impedes, or
endeavors to influence, obstruct, or impede, the due
administration of justice." 18 U.S.C. § 1503(a).

*United States v. Plaskett, et. al.*
Criminal No. 2007-60
Memorandum Opinion
Page 10

("Blyden") at Marchena's office.  During the meeting, the men

discussed the investigation of a Virgin Islands government

contract that was part of the alleged bribery scheme.

> A: [Marchena] said . . . and there's a problem in terms of
> there's an investigation; and also, you know, the forgery of
> documents, that articles of incorporation, and the business
> license.  And we need to find out, you know, how we can
> resolve this.

(Trial Tr. 207 Feb. 15, 2008.)  Blyden further testified that

during the December, 2004, meeting, Plaskett instructed Blyden to

travel to Atlanta, Georgia to meet with an individual named Barry

Bennett ("Bennett") to discuss backdating documents to appear as

if they were created in connection with a contract previously

awarded to a company called Elite for a project.

Blyden returned from Atlanta on December 31, 2004, and met

with Plaskett in early January to discuss the results of the

trip.  Blyden testified that, during the time period around

December, 2004, and January, 2005, he and Plaskett "would often

meet and talk about the potential of [the investigation] going up

to the Federal Government, and it's really getting to be, you

know, nasty . . . ." (*Id.* at 225.)

Bennett also testified that, in January, 2005, he traveled

from Atlanta to St. Thomas, where he met with Plaskett and

Marchena at Marchena's home.  During that meeting, Plaskett asked

Bennett whether he could recreate and back-date certain documents

related to a contract connected with the bribery scheme.

United States v. Plaskett, et. al.
Criminal No. 2007-60
Memorandum Opinion
Page 11

The evidence further established that, in early February, 2005, federal agents interviewed Plaskett in connection with an investigation of the alleged bribery and kick-back scheme. Additionally, a federal grand jury proceeding was conducted on the matter in mid-March, 2005.

A rational jury believing the government's evidence could find that Plaskett met with Blyden and Bennett in order to cover up the alleged bribery and kickback scheme. Viewed in the light most favorable to the government, the evidence also shows that Plaskett knew at the time of those meetings that a federal investigation and grand jury proceeding were likely forthcoming. A rational jury could find beyond a reasonable doubt that Plaskett knowingly attempted to corruptly impede or obstruct an official proceeding in December, 2004, and in January, 2005. Accordingly, the evidence adduced at trial was sufficient to sustain Plaskett's convictions on Counts Nine and Ten of the indictment.[2] *See, e.g., United States v. Mintmire,* 507 F.3d 1273, 1289 (11th Cir. 2007) (holding that evidence which allowed the jury to conclude that the defendant corruptly attempted to

---

[2] To the extent Plaskett argues that the federal agency investigation does not constitute an official proceeding under Section 1512(c)(2), the Court is unpersuaded. Indeed, the plain language of the statute forecloses Plaskett's interpretation. *See, e.g., United States v. Kelley,* 36 F.3d 1118, 1128 (D.C. Cir. 1994) ("[T]he grand jury proceeding and the Inspector General's investigation constituted 'official proceedings' within the meaning of [Section] 1512."); *United States v. Gonzales,* 922 F.2d 1044, 1055-56 (2d Cir. 1991) (holding that a Drug Enforcement Agency investigation was an "official proceeding").

*United States v. Plaskett, et. al.*
Criminal No. 2007-60
Memorandum Opinion
Page 12

withhold  information from, or put misinformation before, the
grand jury was sufficient to sustain a conviction under Section
1512(c)); *United States v. Lucas*, 499 F.3d 769 (8th Cir. 2007)
(holding that evidence that the defendant asked two people to
claim ownership of firearm found in the apartment where he was
arrested, and that each of them understood the request to be in
earnest, was sufficient to support conviction for attempted
obstruction of justice under Section 1512(c)).

**B.    New Trial**

Plaskett asserts that the interests of justice favor
granting him a new trial for four separate reasons.

**1.    Disclosure of Impeachment or Exculpatory Material**

First, Plaskett claims that the government violated his due
process rights by withholding information regarding Griffin's
enrollment in drug treatment programs during two different
periods.  He asserts that the drug treatment information was
finally disclosed in a letter dated February 1, 2008.  Plaskett
further complains that the government failed to provide the
medical records associated with Griffin's drug treatment
sessions.

In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d
215 (1963), the Supreme Court of the United States held that
"suppression by the prosecution of evidence favorable to an
accused upon request violates due process where the evidence is
material either to guilt or to punishment irrespective of the

United States v. Plaskett, et. al.
Criminal No. 2007-60
Memorandum Opinion
Page 13

good faith or bad faith of the prosecution." *Id.* at 87 (quotation
omitted).   In *Giglio v. United States*, 405 U.S. 150, 92 S.Ct.
763, 31 L.Ed.2d 104 (1972), the Supreme Court extended *Brady's*
disclosure requirement to include evidence that may be used to
impeach the credibility of a government witness. *See id.* at 154.

*Brady* material must be presented to a defendant prior to
trial. *See A.H. v. Gov't of the V.I.,* 48 V.I. 394, 400 (D.V.I.
App. Div. 2006).   While there is no specific time for disclosing
*Brady* material, "[n]o denial of due process occurs if *Brady*
material is disclosed in time for its effective use at trial."
*United States v. Starusko*, 729 F.2d 256, 262 (3d Cir. 1984).
Additionally, *Brady* does not compel the government "to furnish a
defendant with information which he already has or, with any
reasonable diligence, he can obtain himself." *Id.*

Assuming that Plaskett was entitled under *Brady* and *Giglio*
to receive information regarding Griffin's drug treatment
programs, he had ample time to review the February 1, 2008,
letter before trial.   Further, Griffin testified that he had told
Plaskett about his drug addiction prior to the trial.   Because
the February 1, 2008, letter was disclosed in time for its
effective use at trial, and because the gist of the information
contained therein was available to the defense before that time,
the disclosure of this document did not constitute a *Brady*
violation. *See, e.g., United States v. Higgs,* 713 F.2d 39, 44 (3d
Cir. 1983) ("The *Brady* material in this case was information that

United States v. Plaskett, et. al.
Criminal No. 2007-60
Memorandum Opinion
Page 14

appellees could use on cross-examination to challenge the
credibility of government witnesses.  For that type of material,
we think appellees' right to a fair trial will be fully protected
if disclosure is made the day that the witness testifies.");
A.H., 48 V.I. at 400 (refusing to find a Brady violation "[s]o
long as the information is provided to [the defendant] before the
trial . . . ."); Felix v. Gov't of the V.I., 47 V.I. 573, 583
(D.V.I. App. Div. 2005) (concluding that the defendant was not
entitled to a new trial based on an alleged Brady violation).

     Plaskett also argues that the government's failure to
provide the medical records associated with Griffin's drug
treatment constituted a Brady violation.  However, the Court has
already found that no Brady violation occurred with respect to
the disclosure of information about Griffin's drug treatment.
The Court is unpersuaded that the details of Griffin's drug
treatment were relevant or material to Plaskett's defense.
Indeed, the Court finds that level of detail to be immaterial.
Beyond being immaterial, it could lead to the presentation of
evidence that wastes time, which would only be relevant if this
were a mini trial on the issue of Griffin's drug treatment.  Most
assuredly, that was not the issue on trial.  As such, the
government's failure to produce Griffin's medical records was not
a Brady violation.[3]

_____

     [3]  The Court also notes that Plaskett was allowed broad
leeway during trial in his cross-examination of Griffin on the

United States v. Plaskett, et. al.
Criminal No. 2007-60
Memorandum Opinion
Page 15

### 2.   Exclusion of Recorded Conversations

Second, Plaskett contends that a new trial is required because of the exclusion of two recorded telephone conversations between Plaskett and Griffin.  Plaskett attempted to introduce the entirety of these calls on February 13, 2008, and again on February 21, 2008.  The Court, however, held that only portions of the recordings were admissible.  Plaskett chose not to present edited versions of the calls.

Plaskett's Rule 33 motion restates the arguments he made at trial in support of the admission of the two conversations. After weighing the probative value of the calls in question against the risk of unfair prejudice, confusion, delay, and judicial economy,[4] the Court declined to admit the portions of the recordings.  For the reasons more fully stated on the record at the trial in this matter, the Court now reaffirms these findings.

### 3.   Bill of Particulars

The third basis offered by Plaskett in support of his motion for a new trial relates to the January 30, 2008, order entered by

issue of his time in the drug treatment programs.

[4]   *See* Fed. R. Ev. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

United States v. Plaskett, et. al.
Criminal No. 2007-60
Memorandum Opinion
Page 16

the United States Magistrate Judge denying Plaskett's pretrial
motion for a bill of particulars.

When a Magistrate Judge resolves a non-dispositive pretrial
matter such as a motion for a bill of particulars, "[a] party may
serve and file objections to the order within 10 days after being
served with a copy.  A party may not assign as error a defect in
the order not timely objected to." Fed. R. Civ. P. 72(a).  Here,
Plaskett failed to timely object to the Magistrate Judge's order
denying the motion for a bill of particulars.  Accordingly,
Plaskett is precluded from raising that issue for the first time
in the instant motion. *See id.*

Moreover, even assuming that Plaskett's challenge to the
January 30, 2008, order had been timely, it would not entitle him
to a new trial.

"A bill of particulars is a 'formal, detailed statement of
the claims or charges brought by a plaintiff or a prosecutor[.]'"
*United States v. Urban,* 404 F.3d 754, 771 (3d Cir. 2005) (quoting
Black's Law Dictionary 177 (8th ed.2004)) (alteration in
original).  "The purpose of a bill of particulars is to inform
the defendant of the nature of the charges brought against him,
to adequately prepare his defense, to avoid surprise during the
trial and to protect him against a second prosecution for an
inadequately described offense." *Id.* (quotation omitted).  To
show entitlement to a bill of particulars, a defendant must
establish actual surprise at trial and demonstrate prejudice to

United States v. Plaskett, et. al.
Criminal No. 2007-60
Memorandum Opinion
Page 17

his substantial rights. *See id.* at 772 ("Only where an indictment significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial[,] will we find that a bill of particulars should have been issued." (internal citations and quotations omitted)).

The indictment in this matter contained forty pages of detailed allegations involving Plaskett, including the approximate location, month, and year of the conduct at the heart of each count.  The charges in the indictment were more than sufficient to apprise Plaskett of the nature of the offense he was required to defend.  Furthermore, Plaskett has failed to demonstrate actual surprise at trial or prejudice to his substantial rights as a result of the denial of his request for a bill of particulars. *See, e.g., Urban,* 404 F.3d at 772 (holding that a bill of particulars was inappropriate because, *inter alia,* the indictment provided more than enough information to allow Appellants to prepare an effective trial strategy); *United States v. Armocida,* 515 F.2d 49, 54 (3d Cir. 1975) (holding that the defendant was not entitled to a bill of particulars where, *inter alia,* the defendant failed to "specif[y] any prejudice to his case or show[] what he would have done differently had he" obtained the bill of particulars).

## 4.  Bennett's Testimony

Finally, Plaskett argues that he is entitled to a new trial based on the admission of certain statements made by Bennett in

*United States v. Plaskett, et. al.*
Criminal No. 2007-60
Memorandum Opinion
Page 18

the presence of the jury.  Bennett testified at trial regarding

an occasion when he met with Marchena, to discuss contracts

related to the alleged bribery and kick-back scheme.  During that

conversation, Bennett stated:

> Mr. Marchena said, "The boys are in trouble." I inquired,
> "What does that mean?"  He said, he said, "Commissioner Dean
> Plaskett.  He should not have hired that Hollis, because
> Hollis is a loose cannon.  He's a junky and he's dangerous."
>
> [PROSECUTOR]: What else, if anything, did Mr. Marchena say
> about Mr. Hollis at that meeting?
>
> A: He said, "He's dangerous, and they need to get rid of
> him." Then he turned to me and asked, Do I know anyone who
> could get rid of Hollis.

(Trial Tr. 303-04, Feb. 14, 2008.)  The Court initially sustained

the Defendants' objections to the above testimony on grounds that

its probative value to the corruption charges in this case was

outweighed by the undue prejudice to Plaskett caused by the

admission of such testimony regarding a possible plot to kill

Griffin.  The Court also immediately instructed the jury to

disregard Bennett's last statement in its entirety.  However, the

Court reversed its ruling the following day, reasoning that,

though Bennett's testimony likely caused some prejudice, it was

not unfairly prejudicial.  At that time, the Court gave the

following instruction to the jury:

> Before we resume with that examination, there was a
> ruling that the Court made yesterday, where the Court had
> instructed you to disregard a statement that Mr. Bennett had
> made. I think it was the last piece of evidence that came in
> before we adjourned for the day.

*United States v. Plaskett, et. al.*
Criminal No. 2007-60
Memorandum Opinion
Page 19

The Court has reversed its ruling, and you may consider
that information, but with this very important limiting
instruction.
You may only consider that information with respect to
charges in the indictment as against Mr. Marchena.  That is,
the last statement that Mr. Bennett made that he attributed
to Mr. Marchena may only be considered with respect to Mr.
Marchena for the charges in the indictment.
There is no charge in the indictment for any homicide,
any attempted homicide, and you may not, in fact you are
prohibited from having that enter any consideration, because
there's no such charge in the indictment.
You may only consider it for the charge in the indictment
with respect to Mr. Marchena.  You may not consider that
statement with respect to any other defendant who is before
you.

(Trial Tr. 21-22, February 15, 2008.)

Again, Plaskett's arguments regarding the admission of

Bennett's testimony parrots those he made during trial.  For the

same reasons enunciated at trial, the Court reaffirms its finding

that the testimony in question was admissible.

In sum, none of the grounds asserted by Plaskett show that

the interests of justice require granting him a new trial.

## IV.  CONCLUSION

Base on the foregoing, the Court will deny the motions of

Plaskett and Biggs for judgments of acquittal.  The Court will

*United States v. Plaskett, et. al.*
Criminal No. 2007-60
Memorandum Opinion
Page 20

also deny Plaskett's motion for a new trial.[5]  An appropriate

Order follows.

S_____
        Curtis V. Gómez
        Chief Judge

---

[5]  Biggs has filed a motion requesting "that the Court grant
a conditional new trial in the event any post-verdict judgment of
acquittal on Count VI of this action is reversed." (Biggs' Mot.
for a New Trial 3, May 28, 2008.)  Because the Court has declined
to enter a post-verdict judgment of acquittal on Count VI, Biggs'
motion will be denied as moot.

FOR PUBLICATION

### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| )                             | |
| Plaintiff,      ) | |
| )                             | |
| v.      ) | |
| )                             | |
| DEAN C. PLASKETT,      ) | |
| MARC A. BIGGS, and      )      | Criminal No. 2007-60 |
| LEROY L. MARCHENA,      ) | |
| )                             | |
| Defendants.      ) | |
| _____ ) | |

ATTORNEYS:

**Armando Bonilla, Esq.**
Washington, D.C.
    *For the government,*

**Gordon C Rhea, Esq.**
Mount Pleasant, SC
    *For defendant Dean C. Plaskett,*

**Treston E. Moore, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Marc. A. Biggs,*

**Adriane J. Dudley, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Leroy L. Marchena.*

<u>ORDER</u>

GÓMEZ, C.J.

*United States v. Plaskett, et. al.*
Criminal No. 2007-60
Order
Page 2

Before the Court are the motions of Dean C. Plaskett ("Plaskett") and Marc A. Biggs ("Biggs") (collectively, the "Defendants") for judgments of acquittal pursuant to Federal Rule of Criminal Procedure 29 ("Rule 29"). Additionally, Plaskett moves for a new trial pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33"). For the reasons stated in the accompanying Memorandum Opinion of even date, it is hereby

**ORDERED** that the motions for judgments of acquittal of Plaskett and Biggs are **DENIED;** and it is further

**ORDERED** that Plaskett's motion for a new trial is **DENIED.**

S_____
          Curtis V. Gómez
          Chief Judge